UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE J. HALL,

    Plaintiff,

v.

GRETCHEN WHITMER,
Governor of Michigan, and
AARON PAYMENT, Chairperson,
Sault Ste. Marie Tribe of Chippewa
Indians,

    Defendants.
_____/

Civil Action No. 19-11909
Honorable David M. Lawson
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO GRANT**
**DEFENDANT PAYMENT'S MOTION TO DISMISS [ECF NO. 13]**

**I.    INTRODUCTION**

Plaintiff Bruce J. Hall, acting *pro se*, brings this action against Defendant Aaron Payment as the chairperson of the Sault Ste. Marie Tribe of the Chippewa Indians, and Defendant Gretchen Whitmer. Hall alleges discrimination under 42 U.S.C. §§ 1981, 1983, and seeks to enforce rights under certain contracts and treaties between the State of Michigan, the United States and Native American tribes. The Honorable David M. Lawson referred all pretrial matters to the undersigned under 28 U.S.C.

§ 636(b)(1).  [ECF No. 6].  Payment moves to dismiss Hall's complaint, and that motion has been fully briefed.[1]  [ECF No. 13, 15, 19].

For the reasons below, the Court **RECOMMENDS** that Payment's motion to dismiss [ECF No. 13] be **GRANTED**.

## II.    BACKGROUND

Hall is enrolled in the Sault Ste. Marie Tribe of Chippewa Indians. [ECF No. 15, PageID.351].  He alleges he is next of kin to individuals whose signatures are affixed on eleven treaties between the United States and Native American tribes. [*Id.*; ECF No. 1].  By virtue of this relationship, he wishes to "enforce contracts signed by next of kin." [ECF No. 1, PageID.5].

Payment contends in his motion to dismiss that Hall did not meet the pleading standards of Federal Rule of Civil Procedure 8(a) and failed to state a claim upon which relief can be granted under Rule 12(b)(6).  The Court agrees and recommends dismissing Hall's claims against Payment under Federal Rule of Civil Procedure 12(b)(6).

---

[1] Defendant Gretchen Whitmer has moved for summary judgment on the claims asserted against her.  [ECF No. 20].  That motion will be addressed under a separate Report and Recommendation.

### III.   ANALYSIS

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief.  *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007); *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

"A complaint which does not allege specific acts of conduct" on the part of a defendant is insufficient to put the defendant on notice of the claims against him and should be dismissed. *Abdel-Fares v. Terris*, 14-13301, 2015 WL 3451240, at *4 (E.D. Mich. Apr. 29, 2015), *adopted*, 2015 WL 3451256 (E.D. Mich. May 29, 2015). Even if all of Hall's allegations are accepted as true, he does not allege any wrongdoing against Payment in his official capacity as the Chairperson of the Sault Ste. Marie Tribe of Chippewa Indians or in his individual capacity. To the extent Hall has alleged any cognizable injury, he has not alleged they are attributable to Payment's conduct.

Therefore, Hall's claims against Payment are deficient and should be dismissed for failure to state a claim upon which relief can be granted should be granted.

## IV.    CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS GRANTING** Payment's motion to dismiss [ECF No. 13] and **DISMISSING** Hall's claims against Payment.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 20, 2020

4

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 20, 2020.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
