UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRUCE J. HALL, | Civil Action No.: 19-11909 |
| | Honorable David M. Lawson |
| Plaintiff, | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| GRETCHEN J. WHITMER, *et al*., | |
| Defendants. | |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 20]**

**I.   INTRODUCTION**

Plaintiff Bruce J. Hall, acting *pro se*, sues Governor Gretchen Whitmer and Aaron Payment, the chairperson of the Sault Ste. Marie Tribe of the Chippewa Indians, alleging discrimination in violation of 42 U.S.C. §§ 1981 and 1983.  The Honorable David M. Lawson referred all pretrial matters to the undersigned under 28 U.S.C. § 636(b)(1).  [ECF No. 6]. Governor Whitmer moves for summary judgment of Hall's claims, and the motion has been fully briefed.[1]  [ECF No. 20, 23, 24].  For the reasons

---

[1] Defendant Aaron Payment has moved to dismiss any claims directed to him.  [ECF No. 13].  That motion was addressed under a separate report and recommendation.

below, the Court **RECOMMENDS** that Governor Whitmer's motion for summary judgment be **GRANTED**.

## II.    BACKGROUND

Hall is enrolled in the Sault Ste. Marie Tribe of Chippewa Indians. [ECF No. 1, PageID.10].  He seeks to enforce treaties between the United States and Native American tribes that he says were signed by his "next of kin" from 1820 to 1863.  [*Id.*, PageID.6-12].  Hall also alleges that the State of Michigan entered into memoranda of understanding with the Sault Ste. Marie and other tribes that "discriminate service areas and misconstrue Jurisdiction in their entirety, alienating the very people who seeded Michigan."  [*Id.*, PageID.10].  He contends that "Michigan officials have acted in derogation of the vested aboriginal and [his] federal rights" and that the United States has protected Michigan in doing so.  [*Id.*, PageID.11]. And Hall claims that Michigan's refusal to offer tax benefits to all indigenous people in Michigan and to enforce his rights as a beneficiary of the treaties amounts to discrimination under §§ 1981 and 1983.  [*Id.*].

## III. ANALYSIS

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). But "[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). A scintilla of

3

evidence is also insufficient; "there must be evidence on which the jury could reasonably find for the plaintiff." *Liberty Lobby*, 477 U.S. at 252. And "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott,* 550 U.S. at 380.

**B.**

A § 1983 claim requires the plaintiff to allege that (1) "some person has deprived him of a federal right" and (2) "the person acted under the color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). But "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. at 71 n.10 (citation and quotation marks omitted). To proceed with official-capacity claims for prospective injunctive relief against Governor Whitmer, Hall must allege that the State of Michigan violated his federal rights by custom or policy. See *McComsey v. Stokes*, 2020 WL 3454558, at *3-4 (W.D. Tenn. June 24, 2020).

Hall alleges in his complaint that the State has violated his rights under treaties that were allegedly signed by his family members from 1820 to 1863. [ECF No. 1, PageID.6-12]. But treaty rights are "the communal property of the tribes which signed the treaty and their modern political successors; it does not belong to individual tribe members." *United States v. State of Mich.*, 471 F. Supp. 192, 271 (W.D. Mich. 1979); *see also United States v. State of Wash.*, 476 F. Supp. 1101, 1110 (W.D. Wash. 1979) (treaty rights are "communal in nature" and "not inheritable or assignable by the individual member to any person, party or other entity of any kind whatsoever."). Thus, Hall has no individual rights under treaties signed by his ancestors.

In response to Governor Whitmer's motion for summary judgment, Hall adds an allegation that a Michigan statute deprives him of his citizenship and infringes on his sovereignty as a member of the Sault Ste. Marie Tribe, citing M.C.L. § 762.2. [ECF No. 23, PageID.469]. Section 762.2 addresses criminal offenses committed within Michigan. Hall has not alleged that he is being prosecuted for any crimes by the State of Michigan, nor that § 762.2 has ever been applied to him, so that statute has no relevance here. Besides, an individual member of an Indian tribe like Hall

5

has no sovereign immunity. *See Puyallup Tribe, Inc. v. State of Washington Dep't of Game*, 433 U.S. 165, 171-172 (1977).

Hall has failed to show that he has been deprived of a federal right, and his § 1983 claim is therefore without merit.

## C.

"Section 1981 prohibits intentional race discrimination in the making and enforcing of contracts with both public and private actors." *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 867–68 (6th Cir.)*, opinion supplemented on denial of reh'g*, 266 F.3d 407 (6th Cir. 2001). "Any claim brought under § 1981, therefore, must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476, (2006). Here, Hall does not show that he had a contractual relationship within the meaning of § 1981. He seeks to enforce treaties but, as noted, Hall has no inheritable treaty rights. *State of Mich.*, 471 F. Supp. at 271; *State of Wash.*, 476 F. Supp. at 1110.

Hall also fails to show or even allege intentional race discrimination. A plaintiff claiming § 1981 discrimination must show that "(1) he belongs to an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against him on the

6

basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in section 1981(a)." *Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006)  As a Native American, Hall is a member of a racial minority under § 1981. *See Torgerson v. City of Rochester*, 643 F.3d 1031, 1053 (8th Cir. 2011).  Hall thus satisfies the first element.

But he does not satisfy the intent element.  The intent element may be proven with direct or circumstantial evidence. *Id.*  "Evidence of discrimination is not considered direct evidence unless a racial motivation is explicitly expressed." *Id.* at 359.  A plaintiff may prove discriminatory intent with circumstantial evidence under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248 (1981).  *See Christian*, 252 F.3d at 868.  Hall does not show or even allege direct or circumstantial evidence of intentional racial discrimination.  Instead, he alleges that he is not being accorded the same benefits as other Native Americans in Michigan.

Hall contends in his complaint that Michigan has entered memoranda of understandings with the Sault Ste. Marie and other tribes that "discriminate service areas and misconstrue[s] Jurisdiction in their entirety." [ECF No.1 PageID.10].  This allegation lacks clarity, but Governor Whitmer

7

infers that Hall is referring to a tax agreement between the Michigan Department of Treasury and the Sault Ste. Marie Tribe that applies to an "Agreement Area." [ECF No. 12-2, PageID.156, 205]. Hall lives in Leonard, Michigan, which is in Oakland County and outside of the "Agreement Area." [ECF No. 1, PageID.2; ECF No. 12-2, PageID.205]. Hall's complaint appears to be that Native Americans within the Agreement Area receive a benefit that he is denied; he says, "Indians have no rights off their reservation." [ECF No. 1, PageID.10]. Hall's claim that other Native Americans who live within the Agreement Area are given preferential treatment is not one of racial discrimination, and thus does not fall within § 1981.

## D.

Among other injunctive relief, Hall requests orders for investigations by the Department of Justice and Department of Interior. [ECF No. 1, PageID.6]. The Court has no authority to grant such relief because neither department is a party to this litigation. *See Taylor v. Sturgell*, 553 U.S. 880, 884 (2008).

## IV. CONCLUSION

The Court **RECOMMENDS** that Governor Whitmer's motion for summary judgment **[ECF No. 20]** be **GRANTED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 27, 2020

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to

9

Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 27, 2020.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
