UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE J. HALL,

    Plaintiff,                                  Case Number 19-11909

v.                                               Honorable David M. Lawson
                                                     Magistrate Judge Elizabeth A. Stafford

GRETCHEN WHITMER, AARON
PAYMENT, and SAULT STE. MARIE
TRIBE OF CHIPPEWA INDIANS,

    Defendants.

_____/

## ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION TO GRANT DEFENDANT WHITMER'S MOTION FOR SUMMARY JUDGMENT

On July 27, 2020 Magistrate Judge Elizabeth A. Stafford issued a report pursuant to 28 U.S.C. § 636(b), recommending that the Court grant Governor Gretchen Whitmer's motion for summary judgment because the plaintiff has no rights conferred by the treaties under which he brings this suit, he has not shown a contractual relationship within the meaning of 42 U.S.C. § 1981, and he failed to allege intentional race discrimination. On August 12, 2020, the defendant filed cursory objections to the report and recommendation, contending generally that Native Americans have rights under the treaties and explaining that he does not bring suit on behalf of himself, but rather for some 50,000 members of the Sault Ste. Marie Tribe of Native Americans. Recognizing the deficiency of the objections, the plaintiff requested an extension of time to object properly. The Court granted the defendant's request and established a deadline of September 30, 2020 by which the plaintiff could file proper objections. The plaintiff never filed a supplement.

The filing of timely objections to a report and recommendation requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations

to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

This review is not plenary, however. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

As the plaintiff acknowledged, the objections currently before the Court are cursory at best. The plaintiff's objections are unsupported by any citations of legal authority on point and instead consist mainly of unelaborated expressions of generalized disagreement with the magistrate judge's conclusions. It is well settled that "'[a] general objection to the entirety of the magistrate [judge's] report has the same effect as would a failure to object,' and an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at

*2 (6th Cir. June 16, 2017) (order) (quoting *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

The plaintiff's purported "objections" advance little more than generalized disagreement with the magistrate judge's conclusions, unsupported by any specific factual basis or legal authority on point calling into question the magistrate judge's application of the law to the record facts.  Recognizing the deficiency of the objections, the plaintiff requested, and the Court granted, an extension of time to September 30, 2020 to file a more developed presentation objections that might possibly comply with Rule 72.  That time has long passed, and the plaintiff never filed a supplement to his objections.  The insubstantial arguments currently before the Court do not undermine the correctness of the magistrate judge's recommendation, with which the Court agrees.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 29) is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections to the magistrate judge's report and recommendation (ECF No. 30) are **OVERRULED**.

It is further **ORDERED** that the motion to for summary judgment filed by defendant Whitmer (ECF No. 20) is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** as to defendant Whitmer, only.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   November 24, 2020