UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE J. HALL,

               Plaintiff,                         Case Number 19-11909

v.                                       Honorable David M. Lawson
                                       Magistrate Judge Elizabeth A. Stafford

GRETCHEN WHITMER, AARON
PAYMENT, and SAULT STE. MARIE
TRIBE OF CHIPPEWA INDIANS,

               Defendants.

_____/

## AMENDED ORDER OVERRULING OBJECTIONS AND ADOPTING REPORTS AND RECOMMENDATIONS TO GRANT DEFENDANT WHITMER'S MOTION FOR SUMMARY JUDGMENT AND GRANT MOTION TO DISMISS FILED BY DEFENDANTS AARON PAYMENT AND THE SAULT STE. MARIE TRIBE OF CHIPPEWA INDIANS

On July 20, 2020, Magistrate Judge Elizabeth A. Stafford issued a report pursuant to 28 U.S.C. § 636(b), recommending that the Court grant a motion to dismiss filed by defendants Aaron Payment and the Sault Ste. Marie Tribe of Chippewa Indians. The following week, on July 27, the magistrate judge issued another report pursuant to 28 U.S.C. § 636(b), recommending that the Court grant Governor Gretchen Whitmer's motion for summary judgment. On August 13, 2020, the Court entered an order adopting the magistrate judge's report and recommendation and granting the Sault Ste Marie Tribe's motion to dismiss, in part because the plaintiff failed to file timely objections to the report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) (the failure to object to the magistrate judge's report releases the Court from its duty to independently review the matter).

However, on August 21, 2020, the Court received cursory objections to the report and recommendation pertaining to defendant Whitmer's motion for summary judgment, which was

dated on August 12, 2020, rendering the objections timely. Recognizing the deficiency of the objections, the plaintiff requested an extension of time to object properly to both reports and recommendations. The Court granted the defendant's request, vacated its previous order adopting the report and recommendation as to the Sault Ste. Marie Tribe's motion to dismiss, and established a deadline of September 30, 2020 by which the plaintiff may file thorough objections. The plaintiff never filed supplemental objections.

The filing of timely objections to a report and recommendation requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

This review is not plenary, however. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The complaint raises allegations of discrimination under 42 U.S.C. §§ 1981 and 1983 and seeks enforcement of rights under certain contracts and treaties among the State of Michigan, the United States, and Native American Tribes.  In the report recommending that the Court grant defendant Whitmer's motion for summary judgment, the magistrate judge found that the plaintiff has no rights conferred by the treaties under which he brings this suit, he has not shown a contractual relationship within the meaning of 42 U.S.C. § 1981, and he failed to allege intentional race discrimination.  The defendant filed cursory objections to the report and recommendation, contending generally that Native Americans do have rights under the treaties and explaining that he does not bring suit on behalf of himself, but rather on behalf of some 50,000 members of the Sault Ste. Marie Tribe of Native Americans.

It is well settled that "'[a] general objection to the entirety of the magistrate [judge's] report has the same effect as would a failure to object,' and an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (order) (quoting *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).  The plaintiff's objections are unsupported by any citations of legal authority on point, and instead consist mainly of unelaborated expressions of generalized disagreement with the magistrate judge's conclusions. Recognizing the deficiency of the objections, the plaintiff requested, and the Court granted, an extension of time to file more developed objections on or before September 30, 2020.  But the plaintiff never filed a supplement to his objections.  The insubstantial arguments currently before the Court do not forestall the adoption of the magistrate judge's recommendations, the findings and conclusions of which the Court agrees with.  The

Court, therefore, will overrule the plaintiff's objections and adopt both reports and recommendations.

Accordingly, it is **ORDERED** that the magistrate judge's reports and recommendations (ECF Nos. 27 and 28) are **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections to the magistrate judge's report and recommendation (ECF No. 30) are **OVERRULED**.

It is further **ORDERED** that defendant Whitmer's motion for summary (ECF No. 20) is **GRANTED**.

It is further **ORDERED** that the motion to dismiss filed by defendants Aaron Payment and the Sault St. Marie Tribe of Chippewa Indians (ECF No. 13) is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  March 18, 2021